UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ROBERT MOMCHILOV,

               Plaintiff,

                                       **MEMORANDUM & ORDER**

  -against-                            04-CV-3159 (KAM)

MOHAMMAD S. CHADUHRY, GEAR TRANS CORP.,
LORI Wolver and ROBERT Wolver,

               Defendants.

----------------------------------------X
MATSUMOTO, United States Magistrate Judge:

        Upon the consent of all parties, this case has been referred to the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, to conduct all further proceeding in this action, including the trial, and to order the entry of a final judgment. (Doc. No. 35, Consent to Jurisdiction by a United States Magistrate Judge, filed on Sept. 28, 2005.)

        Defendants Lori Wolvek and Robert Wolvek (the "Wolvek defendants")[1] move pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment dismissing all claims and cross-claims against them. (Doc. No. 38, Notice of Motion.) For the reasons set forth below, the Wolvek defendants' motion for

---

[1] It appears from the affidavits submitted in support of the "Wolver" defendants' motion that their correct surname is "Wolvek." Accordingly, the Court will utilize the name "Wolvek" in this Memorandum and Order.

summary judgment is denied.

## I. BACKGROUND

The pleadings, affidavits and declarations, the parties' Local Civil Rule 56.1 statements[2], and the exhibits accompanying the parties' submissions regarding the Wolvek defendants' motion for summary judgment establish the following undisputed material facts. Plaintiff commenced this action on July 23, 2004 to recover damages for injuries he allegedly sustained when the vehicle in which he was a passenger, operated by Lori Wolvek and owned by Lori and Robert Wolvek, was struck from behind by a taxicab operated by Mohammad Chaduhry and owned by Gear Trans Corp., on July 25, 2001. The collision occurred on a roadway in LaGuardia Airport. (Doc. No. 42, Wolvek defendants' statement pursuant to Local Civil Rule 56.1 ("Defs. 56.1 Stmnt.") ¶ 2.)

The following materials facts are in dispute. Although plaintiff testified that Lori Wolvek and he were stopped at a traffic light for approximately "a minute" before the Wolvek

---

[2] Plaintiff indicates that he "does not dispute the facts set forth in the 56.1 Statement of the defendants Wolvek." (Doc. No. 41, Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl. Mol"), at 1.) Because plaintiff has not submitted a responsive Rule 56.1 statement, all facts contained in the Wolvek defendants' Rule 56.1 statement are deemed to be undisputed. See Local Rule 56.1(b) and (d); see also D'Nelson v. Costco Wholesale Corp., No. 03-CV-219, 2006 WL 767866, at *3 (E.D.N.Y. Mar. 24, 2006).

defendants' vehicle was hit in the rear by defendant Chaduhry's vehicle, (doc. no. 68, Ex. I, Excerpt from Deposition of Robert Momchilov ("Excerpt from Momchilov Dep.") at 24, li. 4-7; <u>see also</u> "Defs. 56.1 Stmnt. ¶ 4), Chaduhry testified repeatedly that just prior to the collision, the car in front of him, the Wolvek defendants' vehicle, was moving but "suddenly stopped with [sic] no reason." (Doc. No. 68, Ex. J, Excerpts from Deposition of Mohammad S. Chaduhry ("Excerpts from Chaduhry Dep.") at 35, li. 13-15; 54, li. 10-11; Court Ex. 1, Complete Transcript of Chaduhry Deposition ("Chaduhry Dep.") at 39, li. 15-22; 41, li. 2-25.)[3] Notably, defendants Chaduhry and Gear Trans Corp. have conceded liability for the collision, but they have not conceded that they are solely and completely liable. (<u>See</u> Doc. No. 26, Letter from Marjorie E. Bornes, Esq. to the Honorable Raymond J. Dearie, dated July 26, 2005.)

## II. SUMMARY JUDGMENT STANDARD

A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and

---

[3] By order dated April 18, 2006, the Court, in its discretion, directed the Wolvek defendants to provide copies of the entire transcripts for the depositions of Messrs. Momchilov and Chaudhry referenced in their motion for summary judgment. <u>See</u> <u>Owen v. SoundView Fin. Group, Inc.</u>, 54 F. Supp. 2d 305, 306 n. 1 (S.D.N.Y. 1999) (noting that the court has "inherent power and discretion" to consider a full deposition transcript where only a portion has been provided); <u>Stephens v. City of Topeka</u>, 33 F. Supp. 2d 947, 959 (D. Kan. 1999).

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In deciding a motion for summary judgment, the court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. Flanigan v. General Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001).

Nevertheless, the nonmoving party cannot rest on "mere allegations or denials" but must instead "set forth specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Nor can the nonmoving party rest only on the pleadings. Celotex, 477 U.S. at 324 (Fed. R. Civ. P 56(e) "requires the nonmoving party to go beyond the pleadings").  Each statement of material fact by the movant or opponent must be followed by citation to evidence which would be admissible, as required by Fed. R. Civ. P. 56(e) and Local Civil Rule 56.1(d). Moreover, "the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 447 U.S. at 247-48 (emphasis in original). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." Id. at 249-50 (citations omitted).

### III. DISCUSSION

In a diversity case such as this one, the New York substantive law of negligence determines the facts that are material. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Velez v. Sebco Laundry Sys., Inc., No. 00 Civ. 5027, 2001 WL 43609, at *2 (S.D.N.Y. Jan. 18, 2001) (New York state law applied to diversity negligence action in federal court sitting in New York for damages arising from tort which occurred in New York). Under New York law, it is "well established that '[w]hen the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle.'" Altman v. Bayliss, No. 95-CV-0734, 1999 WL 782338, at *2

(W.D.N.Y. Sept. 30, 1999) (quoting Power v. Hupart, 688 N.Y.S.2d 194, 195 (2d Dep't 1997)).  In turn, under New York law, a rear-end collision with a stopped vehicle establishes a *prima facie* case of negligence and imposes a duty on the driver of the moving vehicle to explain how the collision occurred.  Gleason v. Murphy, No. 96 Civ. 4361, 1997 WL 563303, at *1 (S.D.N.Y. Sept. 8, 1997); Leal v. Wolff, 638 N.Y.S.2d 110, 112 (2d Dep't 1996); Hurley v. Cavitolo, 658 N.Y.S.2d 90, 91 (2d Dep't 1997).

Non-negligent explanations include "mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause."  Hupart, 688 N.Y.S.2d at 194 (citing Barile v. Lazzarini, 635 N.Y.S.2d 694, 695 (2d Dep't 1995); Rebecchi v. Whitmore, 568 N.Y.S.2d 423, 424 (2d Dep't 1991)); accord Maizous v. Garraffa, No. 00-CV-4895, 2002 WL 1471556, at *4 (E.D.N.Y. Apr. 30, 2002); Ortiz v. Rosner,

817 F. Supp. 348, 351 (S.D.N.Y. 1993).[4]  Accordingly, for purposes of the Wolvek defendants' instant summary judgment motion, the Court must determine whether there is a material issue of fact as to the existence of an adequate explanation for the rear-end collision, which would preclude summary judgment on the issue of the Wolvek defendants' liability.

The Court finds that summary judgment in favor of the Wolvek defendants is inappropriate because a material factual dispute exists regarding whether Lori Wolvek stopped short and therefore, whether her actions contributed to causing the collision.  Defendant Chaduhry's repeated and consistent

---

[4] While the Court is aware that a number of New York courts have held that a driver of the lead vehicle stopping short is insufficient to rebut the presumption of negligence arising from a rear-end collision, see, e.g., Moustapha v. Riteway Int'l Removal, Inc., 724 N.Y.S.2d 52, 53 (1st Dep't 2001); Espinoza v. Diaz, 720 N.Y.S.2d 841 (2d Dep't 2001) ("The plaintiff's testimony at her examination before trial that the Schwartz vehicle suddenly stopped in traffic was insufficient to raise a triable issue of fact."); see also Bekiaris v. United States, No. 96 Civ. 302, 1998 WL 418917, at *5 (S.D.N.Y. July 23, 1998), other New York courts have ruled that a vehicle's driver may be found negligent for making a sudden stop. See, e.g., Rosa v. Colonial Transit, Inc., 715 N.Y.S.2d 426, 427 (2d Dep't 2000) ("a triable issue of fact exists as to whether the driver of the stopped bus . . . contributed to the accident by making a sudden stop") (citations omitted); Martin v. Pullafico, 707 N.Y.S.2d 891 (2d Dep't 2000) ("In this case, there are triable issues of fact as to whether ... the plaintiffs' vehicle stopped suddenly, thereby contributing to the accident.); Mohamed v. Town of Niskayuna, 700 N.Y.S.2d 551, 552 (3d Dep't 1999) ("Evidence that the vehicle which was rear-ended came to a sudden and abrupt stop will defeat summary judgment.") (citations omitted); see also Garraffa, 2002 WL 1471556, at *4.

testimony that Lori Wolvek's sudden stop of her vehicle caused the collision is sufficient to rebut the presumption that he alone was negligent. (See Chaduhry Dep. 35, li. 13-15.) Notwithstanding the contradictory evidence that the Wolvek defendants' car had been stopped at a traffic light for approximately one minute before the car was hit in the rear by defendant Chaduhry (Momchilov Dep., at 24, li. 4-7; see also Defs. 56.1 Stmnt. ¶ 4 (stating that the car was "stopped at a traffic light"); Doc. No. 39, Ex. G, Affidavit of Lori Wolvek, dated Oct. 18, 2005 (stating that the car "was stopped for approximately 30 to 40 seconds" when it was struck in the rear)), the facts, when viewed in the light most favorable to plaintiff, raise a material factual dispute regarding whether Lori Wolvek stopped her vehicle abruptly. Because this fact would permit a jury to conclude that the Wolvek defendants were negligent, and that the Wolvek defendants thus played some role in causing the collision, the Wolvek defendants' motion for summary judgment must be denied. See Garraffa, 2002 WL 1471556, at *5 ("[I]t is fair to infer that the lead driver in a rear-end collision may be held comparatively negligent if the driver stopped short or came to a sudden stop.").

## IV.  CONCLUSION

For the foregoing reasons, the Wolvek defendants' motion for summary judgment is denied.  The parties shall participate in a telephone status conference with the Court on May 19, 2006 at 2:00 p.m.  Plaintiff's counsel shall initiate the conference call.

**SO ORDERED.**
Dated: May 11, 2006
       Brooklyn, New York

                                           /s/
                                   **Kiyo A. Matsumoto**
                                   United States Magistrate Judge
                                   Eastern District of New York