UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ROBERT MOMCHILOV,

               Plaintiff,

                                        **MEMORANDUM and ORDER**
  -against-                           04-CV-3159 (KAM)

MOHAMMAD S. CHADUHRY, GEAR TRANS CORP.,
LORI WOLVEK and ROBERT WOLVEK,

               Defendants.

----------------------------------------X
MATSUMOTO, United States Magistrate Judge:

       Upon the consent of all parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the undersigned will conduct all further proceeding in this action, including the trial, and order the entry of a final judgment. (Doc. No. 35, Consent to Jurisdiction by a United States Magistrate Judge, filed on Sept. 28, 2005.)

       Presently before the Court is an unopposed motion by defendants Chaduhry, Gear Trans Corp. ("Gear") and Wolvek (collectively, "defendants") to dismiss the instant action for plaintiff's failure to prosecute, and for costs. (See Doc. Nos. 55-56, Letters from Counsel for Chaduhry and Gear, Marjorie E. Bornes, Esq., dated July 12, and July 18, 2006, respectively, and Doc. No. 57, Letter from Counsel for the Wolvek defendants, John W. Kondulis, Esq., dated July 24, 2006.) Alternatively, defendants request that plaintiff be precluded from offering

evidence at trial due to plaintiff's failure to participate in the drafting of the joint pretrial order, as so directed by the Court by order dated May 19, 2006.  (See Doc. No. 53, Defendants' Joint Pre-Trial Order filed on June 30, 2006 ("June 30 JPO"), at 1.)

For the reasons set forth below, defendants' motions to dismiss and for preclusion are denied without prejudice. Defendants' application for costs is granted to the extent set forth below.

### I.  BACKGROUND

The Court held a status conference on May 19, 2006, at which counsel for all parties were present, including Catherine M. Conrad, Esq., counsel for plaintiff.  At that conference, the Court, having recently denied the Wolvek defendants' motion for summary judgment (see doc. no. 44, Memorandum and Order), and considering the schedules of all counsel, set a trial date in this matter for August 21, 2006.  In anticipation of the trial, the Court, *inter alia*, ordered that the parties participate in the drafting of a joint pretrial order ("JPO"), in accordance with the undersigned's motion practices.  To that end, the Court ordered that: (i) plaintiff provide his proposed pretrial order to defendants by June 2, 2006; (ii) defendants respond to plaintiff's proposed pretrial order by June 23, 2006; and (iii)

the final JPO be filed by June 30, 2006.  In addition, the Court ordered all parties to appear for a final pretrial conference on July 13, 2006 at 1:00 p.m.  (See Minute Entry for Status Conference held on May 19, 2006.)

By letter dated June 16, 2006, two weeks after plaintiff's proposed pretrial order was to be served on defendants, counsel for the Wolvek defendants wrote to the Court to advise that he had not received plaintiff's proposed pretrial order.  (Doc. No. 46, Letter from John W. Kondulis, Esq. dated June 16, 2006.)  Counsel for the Wolvek defendants indicated that he had "left a couple of voice mail messages with plaintiff's counsel . . . and . . . received no response[,]" and that he had checked with co-defendant's counsel the morning of June 15, 2006 and "confirmed that they had not received any draft pretrial order from the plaintiff."  (Id. at 1.)  The Wolvek defendants' counsel's June 15 letter did not request any relief; rather, counsel "felt that [the Court] should be made aware of the status of the pretrial order."  Plaintiff did not submit a response to the Wolveks's counsel's letter.

In response and in view of the upcoming date for the filing of the final pretrial order, by order dated June 17, 2006, the Court reiterated its previous order that the final JPO was expected to be filed by June 30, 2006.  The order stated:

> The Court expects the final pretrial order to be filed on or before 6/30/06, as previously ordered.  The Court

> will not grant an extension of this deadline absent
> compelling reasons. The parties shall ensure that the
> final pretrial order is timely filed.

(Order dated June 17, 2006.)

The Court did not hear from the parties until June 30, 2006, when defendants filed their proposed pretrial order (doc. no. 53). In that submission, defendants indicated that "[p]laintiff has never provided any information for the pre-trial order and no contentions for plaintiff are included in this order." (June 30 JPO at 1.) As a consequence of plaintiff's failure to participate in the drafting of the JPO, defendants requested that "plaintiff should be precluded from offering evidence since plaintiff has not provided the information required by the Court, but, in the event that plaintiff is permitted to proceed, defendants reserve all rights and objections available under the Federal Rules of Civil Procedure, Federal Rules of Evidence and Local Rules." (Id.)

In view of defendants' application to preclude plaintiff from offering evidence at trial, the Court ordered plaintiff to show cause why he failed to participate in the drafting of the JPO. Specifically, on July 6, 2006, the Court ordered that:

> On or before 7/11/06, plaintiff shall show cause, in
> writing, why (i) defendants' request that plaintiff be
> precluded from offering evidence at trial should not be
> granted in light of plaintiff's failure to comply with
> this Court's orders requiring plaintiff's participation
> in the drafting of the joint pretrial order; and (ii)

-4-

why plaintiff's case should not be dismissed for failure to prosecute in view of his failure to comply with court orders.

In a belated response to the Court's show cause order, by letter dated July 11 and filed on July 12, 2006, plaintiff represented, through his counsel, Catherine M. Conrad, Esq., that "[p]laintiff has adopted the proposed Pre-Trial Order of the Co-Defendants Wolveks and therefore did not submit an additional Pre-Trial Order." (Doc. No. 56, Letter from Catherine Conrad, Esq. filed on July 12, 2006 ("Plaintiff's July 12 letter").) Plaintiff's July 12 letter failed to respond to the portion of the show cause order requiring plaintiff to explain why he should not be precluded from offering evidence at trial and why his case should not be dismissed for failure to prosecute. Based on that letter, counsel for defendants Chauduhry and Gear stated that "it is clear that [plaintiff] does not intend to produce any evidence in this case and is not prosecuting it and the action must, therefore, be dismissed." (Doc. No. 55, Letter from Marjorie Bornes, Esq. dated July 12, 2006.)

Per its May 19 order, the Court held a final pretrial conference on July 13 at 1:00 p.m. (See Minute Entry for Final Pretrial Conference held on July 13, 2006.[1]) As reflected in the Court's Minute Entry for that conference, plaintiff's counsel

---

[1] The final pretrial conference was recorded at KAM FTR 1:28 p.m. to 1:48 p.m.

-5-

failed to appear in person, as ordered.  Defendants' counsel
Marjorie Bornes, Esq. and John Kondulis, Esq., appeared promptly
as scheduled.  After attempting for nearly thirty minutes, the
Court reached plaintiff's counsel on her cellular telephone.
Plaintiff's counsel stated that she was on trial in another
matter and on a lunch break, although counsel did not explain why
she failed to notify her adversaries and the Court of her trial
and seek a timely adjournment of the final pretrial conference.
The Court permitted plaintiff's counsel to participate by
telephone because defendants' counsel had been waiting for nearly
thirty minutes to commence the conference.  During the
conference, plaintiff's counsel was barely audible due to her use
of her cell phone at the conference.

The Court noted that the July 13 final pretrial
conference could not proceed because:

> (a) plaintiff's counsel failed to appear and the poor
> audibility of her cellular phone and limited
> availability prevented the Court from conducting the
> pretrial conference; (b) plaintiff's counsel failed to
> comply with two court orders (dated 5/19/06 and
> 6/16/06) that the final joint pretrial order be filed
> by 6/30/06; (c) plaintiff's counsel belatedly requested
> at the 7/13/06 conference that she be granted leave to
> demonstrate compelling reasons for her tardy request to
> extend plaintiff's time to submit the final pretrial
> order; and (d) plaintiff's counsel made statements at
> the 7/13/06 conference, contradicting her letter of
> 7/12/06 (doc. no. (54]) in response to this Court's
> 7/6/06 Order to Show Cause, which letter stated that
> the plaintiff "has adopted the proposed Pre-Trial Order
> of the Co-Defendants Wolveks and therefore did not
> submit an additional Pre-Trial Order."

(Minute Entry for Final Pretrial Conference held on July 13, 2006 ("July 13 Minute Entry").) The Court also noted that the record in this action reflected "numerous prior failures by plaintiff's counsel to comply with Court-ordered deadlines regarding, *inter alia*, plaintiff's Rule 26(a) disclosures, responses to fact and expert discovery, and the pretrial order." (Id.)

At the July 13 final pretrial conference, plaintiff's counsel stated for the first time that plaintiff intended to present evidence at trial beyond that set forth in the defendants' pretrial order, thus contradicting her July 12, 2006 letter (doc. no. 54), and that plaintiff only adopted the proposed *voir dire* of the Wolvek defendants. The Court ordered as follows:

> (1) Plaintiff's counsel is granted until 7/17/06 to submit compelling reasons why (a) she failed to comply with Court ordered dates for the submission of the pretrial order; (b) she did not timely request an extension of time to submit a pretrial order; (c) the Court should now grant her untimely request to submit a pretrial order, particularly in view of her submission of 7/12/06 (doc no. 54), stating that plaintiff did not submit a pretrial order because plaintiff has adopted the Wolvek defendants' pretrial order; and (d) plaintiff's counsel should not be ordered to pay the attorneys' fees of the defendants for (i) their counsels' efforts to obtain plaintiff's compliance with the Court's orders regarding the pretrial order; (ii) defendants' counsels' appearance at the 7/13/06 pretrial conference; and (iii) defendants' counsels' responses to plaintiff's anticipated submission on 7/17/06, and, if granted by the Court, their response to plaintiff's pretrial order.

The Court rescheduled the final pretrial conference to August 18,

-7-

2006 at 9:45 a.m. and ordered that all counsel appear in person. (Minute Entry for July 13, 2006.)[2]

Plaintiff's counsel failed to submit a response to the Court's July 13, 2005 order, on July 17, 2006, or thereafter. As a result, by letters dated July 18 and July 24, 2006, defendants "renewed"[3] their motion to dismiss and for costs. (Doc. Nos. 56-57.) To date, even following the filing of defendants' renewed motion to dismiss, plaintiff's counsel has not responded or shown cause, or otherwise attempted to explain her failures or representations relative to the JPO, nor sought any extensions of time to comply with this Court's orders.

---

[2] Subsequently, by order dated August 1, 2006, the Court directed plaintiff to appear for the final pretrial conference on August 18, 2006, either in person or by telephone. The Court ordered plaintiff's counsel to serve a copy of the August 1 order on plaintiff and to file an affidavit demonstrating service of the same on or before August 4, 2006. Plaintiff's counsel failed to do so, and by order dated August 7, 2006, plaintiff's counsel was again ordered to serve plaintiff with the Court's August 1 order and to file an affidavit of service by August 9, 2006. In addition, on at least five occasions, chambers called the telephone number listed with the Court as plaintiff's counsel's office number, and left three messages either on a recording machine or with an individual who answered plaintiff's counsel's phone, regarding the filing of the affidavit of service. To date, plaintiff's counsel has not filed an affidavit of service.

[3] Although Ms. Bornes's July 18, 2006 letter (doc. no. 56) is described as a renewed motion to dismiss, the Court notes that her previous letter, dated July 12, 2006 (doc. no. 55) seeking the same relief had not been ruled on at the time the renewed motion was filed. This Memorandum and Order addresses both motions.

-8-

## II. DISCUSSION

**A. Dismissal for Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The United States Court of Appeals for the Second Circuit has enumerated five factors that should be considered in the context of a motion to dismiss for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. General Elec. Co., 186 F.3d 186, 193-194 (2d Cir. 1999) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

The first three factors weigh in favor of dismissal. With respect to the first factor, as the docket sheet reflects, plaintiff's counsel has had a long and consistent history of not complying with court orders. Significantly, as noted above, plaintiff's counsel disregarded this Court's orders dated May 19, June 16 and July 13, 2006, concerning the preparation of the

joint pretrial order.  In addition, plaintiff's counsel has failed to comply with court orders dated July 13, August 1, and August 7, 2006.  With respect to the second factor, plaintiff, through his counsel, has received numerous warnings that failure to comply with court orders may result in sanctions, including but not limited to dismissal for failure to prosecute.  (See, e.g., Minute Entry for Feb. 28, 2005; Orders to Show Cause dated June 8, 2005 and June 6, 2006.)  With respect to the third factor, the Court finds that defendants have been prejudiced by having repeatedly to contact plaintiff's counsel and the Court regarding the pretrial order, ultimately having to prepare their pretrial order without knowing what evidence plaintiff intends to present at trial, and paying their counsel to appear at the July 13 final pretrial conference, at which plaintiff's counsel failed to appear in person.  Defendants have been forced to expend resources to obtain compliance with court orders.

The last two factors weigh against dismissal.  With respect to the fourth factor – balancing congestion in the Court calendar against protecting a party's opportunity to be heard – the Court notes that this litigation has been pending for over two years, and has had a long and protracted history of non-compliance by plaintiff regarding discovery, the pretrial order and pretrial conferences.  This case has been scheduled for a trial on August 21, 2006 because all discovery is complete and

because the Court has adjudicated a motion for summary judgment. Notwithstanding the plaintiff's lack of a pretrial order and the rescheduled final pretrial conference on August 18, 2006, the case should proceed to trial as scheduled. Regarding the fifth factor, the Court has considered the efficacy of lesser sanctions, that of preclusion of evidence and monetary sanctions, and believes that monetary sanctions are more appropriate, under the circumstances.

The Court concludes that on balance, despite plaintiff's counsel's willful disregard of court orders, these five factors do not weigh in favor of dismissal. Cf. Grinblat v. City of New York, No. 01 Civ. 3609, 2006 WL 473887 (S.D.N.Y. Feb. 27, 2006) (dismissing for failure to prosecute, *inter alia*, for a *pro se* plaintiff's failure to participate in the drafting of the pretrial order). In so concluding, the Court is mindful of the policy in federal courts to favor disposition of cases on their merits. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Accordingly, defendants' motion to dismiss for failure to prosecute is denied without prejudice.

**B.   Preclusion**

Defendants also request that the Court preclude plaintiff from offering evidence at trial due to plaintiff's failure to participate in the drafting of the JPO. ((June 30

JPO, at 1) ("Plaintiff has never provided any information for the pre-trial order and no contentions for plaintiff are included in this order. Defendants contend that plaintiff should be precluded from offering evidence since plaintiff has not provided the information required by the Court . . . .").) As previously noted, plaintiff responded to the Court's order of July 6, 2006 requiring him to show cause why he should not be precluded from offering evidence by stating that he "has adopted the proposed Pre-Trial Order of the Co-Defendants Wolveks and therefore did not submit an additional Pre-Trial Order." (Plaintiff's July 12 letter.)

Rule 16(f) of the Federal Rules of Civil Procedure provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

In turn, Rule 37(b)(2)(B) provides that an appropriate sanction for failing to obey a discovery order or pretrial order

is to "prohibi[t] that party from introducing designated matters in evidence." The standards to be applied in imposing sanctions under Rule 16 are identical to the standards contained in Rule 37. Fonar Corp. v. Magnetic Plus, Inc., 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (citations omitted). Whether to impose sanctions is a matter committed to the sound discretion of the court. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976); Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002).

"Although preclusion of evidence and dismissal of an action are harsh remedies and should be imposed only in rare situations, they sometimes are necessary to achieve the goals of Fed. R. Civ. P. 37 as a credible deterrent rather than a 'paper tiger.'" Burnett v. Venturi, 903 F. Supp. 304, 308 (N.D.N.Y. 1995) (Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1064 (2d Cir. 1979)) (internal quotation marks omitted).

In determining whether preclusion of evidence is warranted in this case, the Court is guided by the following factors:

> (1) the party's explanation for the failure to comply with the disclosure order; (2) the importance of the testimony or evidence to that party's case; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony or evidence; and (4) the possibility of a continuance.

See Arnold v. Krause, Inc., 233 F.R.D. 126, 130 (W.D.N.Y. 2005)

(citing Softel, Inc. v. Dragon Med. and Scientific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988))).

Applying the above factors to this case, defendants' request for total preclusion is appropriate but denied without prejudice. With respect to the first factor, – the party's explanation for its failure to comply with a disclosure order – despite two orders to do so, plaintiff's counsel has not offered any explanation for her failure to participate in the drafting of the JPO or timely identify plaintiff's anticipated witnesses or evidence to be presented at trial. (See Orders dated July 6 and July 13, 2006.) The Court offered plaintiff's counsel multiple opportunities to show cause not only in writing, by July 11, 2006, but also at the conference on July 13, 2006, and once again in writing by July 17, 2006. In addition, the Court notes that plaintiff has not responded to defendants' motion to dismiss for failure to prosecute, nor has he sought an extension of time to do so. Because no explanation has been offered for what can only be construed as plaintiff's counsel's willful disregard of court orders, this factor weighs against plaintiff and in favor of preclusion.

Assessing the second factor – the importance of the testimony of the witness sought to be precluded – is difficult, given plaintiff's failure to participate in the drafting of the

JPO, his statement that he has adopted the defendants' pretrial order, and subsequent statement seemingly retreating from his adoption of the defendants' pretrial order.  Without plaintiff's statement as to what the plaintiff's evidence, including testimony, would have been, the Court cannot with certainty determine the relative importance of plaintiff's evidence.  It is likely, however, that plaintiff and his medical expert would testify at trial because, without this testimony, it is unlikely that plaintiff could otherwise establish liability or damages.

	The third factor – prejudice to the opposing party – does not favor defendants.  Defendants have had the opportunity to take discovery from plaintiff and his expert, including their depositions regarding liability and damages.  Thus, defendants would not be required to prepare to meet any new evidence if plaintiff and his treating physician were to testify.

	On the other hand, plaintiff's failure to participate in the drafting of the JPO, and indeed his express acquiescence to defendants' June 30 pretrial order, suggests that defendants would now be forced to bear the expense of redrafting the JPO to include evidence in support of plaintiff's case, which, to date, has not been provided.  Nevertheless, the Court can order plaintiff or his counsel to reimburse defendants for the cost of having to redraft the JPO, thus alleviating some of the prejudice

-15-

to defendants for plaintiff's failure to participate in the drafting of the JPO.

With respect to the fourth factor – the possibility of a continuance – the Court notes that a continuance would be possible, but only at the expense of defendants and the Court. The trial date in this matter has been set since May 19, 2006. There is no doubt that defendants' counsel have relied on this trial date in organizing their schedules for the upcoming weeks and arranging for the availability of their fact and expert witnesses. The Court has set aside the entire work week of August 21, 2006 for this trial as well as submitted a request for prospective jurors. Thus, while an adjournment of this trial is possible, the Court would not adjourn it at this late date absent compelling reasons, which the plaintiff has not bothered to articulate.

In view of the foregoing discussion, the Court finds that although preclusion would be an appropriate remedy for plaintiff's counsel's failures relative to the JPO, the Court, in its discretion, declines to order preclusion. Instead, the Court finds that monetary sanctions against plaintiff's counsel are more appropriate.

The Second Circuit has indicated that sanctions serve a threefold purpose: (1) to ensure that a party will not benefit from its own failure to comply with court orders; (2) to obtain

compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well. Cine Forty-Second St. Theatre Corp., 602 F.2d at 1066 (citations omitted). "Both the Supreme Court and the Second Circuit have indicated on numerous occasions that sanctions are often a necessary means of dealing with a party which flouts court orders." Fonar Corp., 175 F.R.D. at 55 (citing, *inter alia*, Metropolitan Hockey, 427 U.S. at 643; Cine Forty-Second St., 602 F.2d at 1063-64).

Here, a review of the record indicates that plaintiff's counsel has failed to comply with past court orders, *inter alia*, regarding the service of plaintiff's Rule 26(a) disclosures (see Minute Entry for Feb. 28, 2005), responses to fact discovery (see id.) and expert discovery (see Orders to Show Cause dated Mar. 15 and Mar. 23, 2005). Indeed, the Court has previously warned plaintiff that failure to comply with court orders may lead to sanctions "including monetary sanctions and/or dismissal for failure to prosecute." (Minute Entry for Feb. 28, 2005.) The record reflects an ongoing pattern by plaintiff's counsel of disregarding court orders, for which plaintiff should not now benefit.

With respect to the second and third purposes of sanctions – obtaining compliance with the particular order issued and serving as a general deterrent, respectively – the Court is

hopeful that this order will ensure that plaintiff's counsel will comply with pending and future orders in this case.  Given plaintiff's counsel's history of flouting this Court's orders and ignoring deadlines, the Court believes that the instant order will send a strong message to plaintiff's counsel that this Court will not tolerate willful disregard of its orders, especially when defendants and the Court are required to expend limited resources attempting to obtain compliance.

Accordingly, because the Court has warned plaintiff's counsel on numerous occasions that her failure to comply with court orders may lead to monetary and other sanctions, the Court grants defendants' request for costs.  Specifically, plaintiff's counsel, not plaintiff, shall reimburse defendants for the costs and attorney's fees associated with filing the instant motion to dismiss and for their counsels' time in attending the July 13, 2006 final pretrial conference.  Defendants shall file and serve plaintiff's counsel by August 22, 2006 with the contemporaneous time records of their counsel demonstrating, "for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).  Any objections to defendants' request for reimbursement shall be filed with the Court and served by August 29, 2006, attaching appropriate documentary and legal support for such objections.

### **III. CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss and for preclusion are denied without prejudice. Defendants' application for costs is granted to the extent set forth above. The parties are reminded that there will be a final pretrial conference in this matter on August 18, 2006 at 9:45 a.m., at which plaintiff and all counsel are expected to participate. Should plaintiff fail to participate, or should plaintiff's counsel fail to appear in person, or timely seek and be granted an adjournment, this case may be dismissed for failure to prosecute, and the Court will entertain any appropriate application for fees and costs. Plaintiff's counsel shall serve plaintiff with a copy of this order and file an affidavit of service, via Electronic Case Filing, on or before August 18, 2006.

**SO ORDERED.**
Dated: August 15, 2006
       Brooklyn, New York

                                    /s/
                          **Kiyo A. Matsumoto**
                          United States Magistrate Judge
                          Eastern District of New York