UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

ROBERT MOMCHILOV,

                    Plaintiff,

                                        **MEMORANDUM and ORDER**
    -against-                           04-CV-3159 (KAM)

MOHAMMAD S. CHADUHRY, GEAR TRANS CORP.,
LORI WOLVEK and ROBERT WOLVEK,

                    Defendants.

---------------------------------------- X
MATSUMOTO, United States Magistrate Judge:

        Upon the consent of all parties, pursuant to 28 U.S.C.

§ 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the

undersigned will conduct all further proceeding in this action,

and order the entry of a final judgment.  (Doc. No. 35, Consent

to Jurisdiction by a United States Magistrate Judge, filed on

Sept. 28, 2005.)

        Presently before the Court is an unopposed motion by

defendants Chaduhry, Gear Trans Corp. ("Gear") and Wolvek

(collectively, "defendants") to dismiss the instant action for

plaintiff's failure to prosecute, and for costs.  (See Doc. Nos.

55-56, Letters from Counsel for Chaduhry and Gear, Marjorie E.

Bornes, Esq., dated July 12, and July 18, 2006, respectively, and

Doc. No. 57, Letter from Counsel for the Wolvek defendants, John

W. Kondulis, Esq., dated July 24, 2006; Minute Entry for final

pretrial conference on Aug. 18, 2006.)  By order dated August 15,

2006, this Court granted defendants their costs incurred as a result of plaintiff's counsel's failure to prepare a pretrial order and appear for a final pretrial conference. (<u>See</u> Doc. No. 58, Memorandum and Order.)

For the reasons set forth below, plaintiff's Complaint is dismissed without prejudice to reopen within 30 days from the date of this order.

## I.  BACKGROUND

By order dated August 15, 2006 (doc. no. 58), familiarity with which is assumed, the Court, not withstanding plaintiff's counsel's repeated failures to participate in the drafting of the joint pretrial order and failure to show cause why this case should not be dismissed, denied without prejudice defendants' motions to dismiss for failure to prosecute and to preclude plaintiff from offering evidence at trial.  In that order, the Court reminded the parties that, in anticipation of the trial scheduled for August 21, 2006, there would be a rescheduled final pretrial conference in this matter on August 18, 2006 at 9:45 a.m., at which plaintiff and all counsel were

directed to participate.[1]  In its August 15, order, the Court

advised the parties that should plaintiff fail to participate, or

should plaintiff's counsel fail to appear in person, or timely

seek and obtain an adjournment, this case may be dismissed for

failure to prosecute, and the Court would entertain any

appropriate application for fees and costs.  Plaintiff's counsel

was directed to serve plaintiff with a copy of the August 15

order and to file an affidavit of service, via Electronic Case

Filing, on or before August 18, 2006.  Plaintiff's counsel failed

to do so.

As scheduled, the Court held a final pretrial

conference in this matter on August 18, 2006 at 9:45 a.m.

Defendants' counsel appeared promptly as scheduled.  Plaintiff

and plaintiff's counsel failed to appear or otherwise

---

[1] The pretrial conference on July 13, 2006 had to be
rescheduled to August 18, 2006, because plaintiff's counsel
failed to appear.  (See Minute Entry dated July 13, 2006.)
Accordingly, by order dated August 1, 2006, the Court directed
plaintiff, in addition to all counsel, to appear for the
rescheduled final pretrial conference on August 18, 2006, either
in person or by telephone.  The Court ordered plaintiff's counsel
to serve a copy of the August 1 order on plaintiff and to file an
affidavit demonstrating service of the same on or before August
4, 2006.  Plaintiff's counsel failed to do so, and by order dated
August 7, 2006, plaintiff's counsel was again ordered to serve
plaintiff with the Court's August 1 order and to file an
affidavit of service by August 9, 2006.  In addition, on at least
five occasions, chambers called the telephone number listed with
the Court as plaintiff's counsel's office number, and left three
messages either on a recording machine or with an individual who
answered plaintiff's counsel's phone, regarding the filing of the
affidavit of service.  To date, plaintiff's counsel has failed to
file an affidavit of service.

participate.  The Court attempted to reach plaintiff's counsel at the number listed on the docket sheet as her office number.  A man, purporting to reside with plaintiff's counsel, answered the phone.[2]  This man indicated that he was unable to reach plaintiff's counsel and that plaintiff's counsel was not likely to appear at the August 18 conference.  In view of plaintiff's counsel's unexplained failure to participate in the drafting of the joint pretrial order, her repeated failures to appear for the final pretrial conferences on July 13 and August 18, 2006, and the Court's numerous unsuccessful attempts to contact plaintiff's counsel regarding her ongoing failures to comply with court orders, the trial scheduled for August 21, 2006, was adjourned without date.  Accordingly, defendants renewed their motions to dismiss for failure to prosecute at the August 18, 2006 conference.

## II.  DISCUSSION

The Court's August 15, 2006 order discussed plaintiff's counsel's "long and consistent history of not complying with court orders" (August 15 Order at 9), but ruled that on balance, dismissal for failure to prosecute was not appropriate without considering, *inter alia*, the efficacy of lesser sanctions.  Thus,

---

[2]  Apparently, the number listed on the docket sheet is plaintiff's counsel's home office.

the Court addressed the propriety of precluding plaintiff from

offering evidence at trial and awarding monetary sanctions to

defendants for plaintiff's counsel's failures to comply with

court orders.  The Court found that monetary sanctions would be

more appropriate, under the circumstances, and stated that it was

"hopeful that this order will ensure that plaintiff's counsel

will comply with pending and future orders in this case."  (Id.

at 17-18.)  Evidently, in view of plaintiff's counsel's continued

failures to file an affidavit of service on the plaintiff of the

Court's August 1 order directing plaintiff to participate in the

final pretrial conference on August 18, 2006, and plaintiff's

counsel's repeated failure to appear for that conference, the

decision to award monetary sanctions was not effective.

At the August 18 final pretrial conference, the Court

learned, for the first time, that plaintiff's counsel may be ill,

which may explain her failure to appear for the August 18

conference.  If plaintiff's counsel is ill, neither plaintiff's

counsel nor anyone acting on her behalf has ever advised opposing

counsel or the Court of the nature or extent of the plaintiff's

counsel's condition.  At no time did plaintiff's counsel contact

the Court to advise of her condition and file a physician's

statement or medical evidence of her condition.  In fact, at the

final pretrial conference on July 13, 2006, at which plaintiff's

counsel failed to appear until contacted by telephone,

plaintiff's counsel stated that she was on trial in another

matter in the Bronx and on a lunch break, and she did not

indicate that she was suffering from any condition that prevented

her from complying with court orders or meeting her professional

obligations.  The fact that plaintiff's counsel was on trial

belies any suggestion that plaintiff's counsel was too ill to

show cause, as ordered, on or before July 17, why this case

should not be dismissed, or too ill to seek timely adjournments

of the final pretrial conferences on July 13 and August 18, 2006,

or otherwise prepare for trial.

        The Court notes that a party is bound by the

derelictions of his attorney, and therefore dismissal of

plaintiff's Complaint for failure to prosecute is appropriate.

The Supreme Court has stated:

> There is certainly no merit to the contention that
> dismissal of petitioner's claim because of his
> counsel's unexcused conduct imposes an unjust penalty
> on the client. Petitioner voluntarily chose this
> attorney as his representative in the action, and he
> cannot now avoid the consequences of the acts or
> omissions of this freely selected agent.  Any other
> notion would be wholly inconsistent with our system of
> representative litigation, in which each party is
> deemed bound by the acts of his lawyer-agent and is
> considered to have notice of all facts, notice of which
> can be charged upon the attorney.

Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962)

(citation and internal quotation marks omitted).

        There were a number of alternatives available to

plaintiff's counsel in this case but she chose not to utilize

them.  Plaintiff's counsel could have sought:  (i) a timely

extension of the date by which she was to submit the pretrial

order; (ii) adjournments of the final pretrial conferences; or

(iii) extensions of time to comply with orders to show cause,

attaching appropriate documentation regarding any illness.

Plaintiff's counsel also could have asked another attorney to

undertake plaintiff's representation, and withdrawn from the case

so that plaintiff could substitute counsel.  Plaintiff's counsel,

however, simply chose to do nothing, and therefore, dismissal is

appropriate.  See Tisdale By and Through Tisdale v. Darkis, 101

F.R.D. 307, 309 (D. Kan. 1984) (although court "sympath[ized]"

with plaintiff's counsel's concern "over the illness of his only

child[,]" the court stated that this did not relieve counsel from

the duty owed to his "client and to the court to diligently

handle the cases where he is the attorney of record"); see also

Cine Forty-Second St. Theatre Corp. v. Allied Artists, 602 F.2d

1062 (2d Cir. 1979) (where an attorney fails to comply with an

order due to his gross neglect, that is, conduct well beyond

ordinary negligence, dismissal may be appropriate).

        Given that there is no indication in the record of

plaintiff himself having engaged in culpable conduct that would

merit dismissal of this case with prejudice, the Court, in its

discretion, will dismiss and close this case, without prejudice

to reopen within 30 days.  Accordingly, plaintiff is advised that

this case <u>will be dismissed with prejudice</u> in 30 days from the
date of this order, or on September 21, 2006, if the Court does
not hear from the plaintiff, <u>in writing</u>, that he seeks to reopen
this case.  The Court will retain jurisdiction for the purpose of
determining the amount of defendants' costs and fees to be
assessed against plaintiff's counsel, as ordered on August 15,
2006.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's Complaint is
dismissed without prejudice to reopen within 30 days from the
date of this order.  The Clerk of the Court is directed to send a
copy of this Order to plaintiff, via overnight mail.

**SO ORDERED.**
Dated: August 22, 2006
      Brooklyn, NY

                                        /s/
                                  KIYO A. MATSUMOTO
                                  United States Magistrate Judge
                                  Eastern District of New York