```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ROBERT MOMCHILOV,

                Plaintiff,

                                **MEMORANDUM and ORDER**
  -against-                        04-CV-3159 (KAM)

MOHAMMAD S. CHADUHRY, GEAR TRANS CORP.,
LORI WOLVEK and ROBERT WOLVEK,

                Defendants.

```
----------------------------------------X
```
MATSUMOTO, United States Magistrate Judge:

       Upon the consent of all parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the undersigned will conduct all further proceeding in this action, and order the entry of a final judgment. (Doc. No. 35, Consent to Jurisdiction by a United States Magistrate Judge, filed on Sept. 28, 2005.)

       By order dated August 15, 2006, familiarity with which is assumed, this Court granted defendants their fees for their attorneys' (i) appearance at the July 13, 2006 final pretrial conference which was rescheduled to August 18, 2006 due to plaintiff's counsel's failure to appear, and (ii) efforts in connection with filing defendants' motions to dismiss for plaintiff's failure to prosecute. Subsequently, because plaintiff and his counsel again failed to appear for the August 18 final pretrial conference, as ordered, the Court dismissed the

-1-

instant action, pursuant to Fed. R. Civ. P. 41(b), without prejudice to reopen or on September 21, 2006. (Doc. No. 60, Memorandum and Order dated Aug. 22, 2006.) In addition, given plaintiff's counsel's failure to appear for the rescheduled final pretrial conference on August 18, the Court again ordered defendants' counsel to submit, on or before August 22, 2006, supporting documentation regarding the their claim for attorneys' fees. (See Min. Entry dated Aug. 18, 2006.)

The Court directed that "any objections to defendants' request for reimbursement shall be filed with the Court and served by August 29, 2006, attaching appropriate documentary and legal support for such objections." (August 15 Order at 18.) No objections have been filed to date. Accordingly, because the Court previously granted defendants' request for monetary sanctions against plaintiff's counsel (see generally August 15 Order), the Court herein considers the appropriate amount of monetary sanctions. For the reasons set forth below, plaintiff's counsel, Catherine M. Conrad, Esq., shall, within 30 days of the date of this order, reimburse defendants Chaduhry and Gear $1,237.50, and the Wolvek defendants $306.95, in attorneys' fees.

## I. DISCUSSION

In the Second Circuit, attorney fee awards are determined by calculating the "lodestar" figure, which is based

on the number of hours reasonably expended, multiplied by a reasonable hourly rate.  See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) (citation omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Whether and to what extent sanctions are appropriate is a matter committed to the sound discretion of the court. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976); Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002).

"The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged."  Morin v. Nu-Way Plastering, Inc., No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983)).  A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed.  Carey, 711 F.2d at 1147-48.

**A.   Contemporaneous Time Records**

The Court has reviewed the submissions by defendants' counsel for legal services claimed for reimbursement.  (See Doc. No. 59, Affidavit of Marjorie E. Bornes, Esq. dated Aug. 21, 2006

("Bornes Aff."); Doc. No. 61, Letter from John W. Kondulis, Esq. dated Aug. 22, 2006 ("Kondulis Ltr.").) The Court finds that the level of detail in each attorneys' billing summaries sufficiently establishes, by attorney, the nature and date of, and hours spent on, the legal services claimed for reimbursement. Thus, the Court next examines whether defendants' counsel seek a reasonable hourly rate.

**B. Hourly Rate**

Defendants Chadurhy and Gear request that their counsel, Marjorie Bornes, Esq., be compensated at a rate of $225 per hour. The Wolvek defendants request that their counsel, John Kondulis, Esq., be compensated at a rate of $61.39 per hour.[1]

These rates are reasonable and consistent with the prevailing hourly rates for attorneys in this District. See, e.g., Morin, 2005 WL 3470371, at *2-3; King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 169-70 (E.D.N.Y. 2004); Duke v. County of Nassau, No. 97-CV-1495, 2003 WL 23315463, *2 (E.D.N.Y. Apr. 14, 2003); General Motors Corp. v. Villa Marin Chevrolet, Inc., 240 F. Supp. 2d 182, 188 (E.D.N.Y. 2002); Hiller v. County of Suffolk, 199 F.R.D. 101, 109 (E.D.N.Y. 2001); Fernandez v. North Shore Orthopedic Surgery & Sports Med., P.C., No. 96-CV-4489,

---

[1] Mr. Kondulis has based his billing rate "on the hourly equivalent of [his] salary which is $61.39 [per hour]." (Kondulis Ltr.)

2000 WL 130637, at *2 (E.D.N.Y. Feb. 4, 2000); Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12-13 (E.D.N.Y. 1999); see also Blum v. Stenson, 465 U.S. 886, 896 & n. 11 (1984) (hourly billing rates should be "calculated according to the prevailing market rates in the relevant community"). Accordingly, Ms. Bornes shall be compensated at a rate of $225 per hour, and Mr. Kondulis shall be compensated at a rate of $61.39 per hour, as requested.

**C.  Reasonableness of Hours Expended**

The Court next turns to the question of whether the hours expended by defendants' counsel are reasonable. The Second Circuit Court of Appeals has instructed judges to "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." Fox Indus., Inc. v. Gurovich, No. 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

Upon a review of plaintiff's counsel's time records, the Court finds that the time expended by counsel attending the

July 13 and August 18, 2006 final pretrial conferences,[2] and their efforts in connection with filing their motions to dismiss, is reasonable. It appears that counsel for defendants Chadurhy and Gear expended 5.5 hours relative to these tasks (see Bornes Aff., billing entries for June 17, 2006; July 11 - Aug. 18, 2006), and the counsel for the Wolvek defendants expended 5.0 hours (see Kondulis Ltr.).

In its discretion, the Court declines to award defendants Chaduhry and Gear additional reimbursement for the 10.50 hours expended by their counsel relative to drafting the joint pretrial order. (See Bornes Aff., billing entries for June 18 - June 30, 2006.) The Court's August 15 Order granted defendants reimbursement for their counsels' attendance at the July 13, 2006 final pretrial conference, and counsels' efforts in connection with defendants' motions to dismiss, but not for expenses defendants would have otherwise incurred to comply with this Court's orders.

Accordingly, Ms. Bornes shall be awarded $1,237.50, for

---

[2] Plaintiff's counsel received notice of and an opportunity to respond to defendants' claim for reimbursement, including reimbursement of counsels' time attending the rescheduled final pretrial conference on August 18, 2006. (See Min. Entry for Aug. 18, 2006.) The Court finds that defendants properly may be compensated for this time. See Mickle v. Morin, 297 F.3d 114, 126 (2d Cir. 2002) ("[b]efore imposing sanctions, the court must afford the person it proposes to sanction due process, i.e., "notice and opportunity to be heard") (quoting In re Ames Department Stores, Inc., 76 F.3d 66, 70 (2d Cir. 1996)).

5.5 hours of work, at a rate of $225 per hour, and Mr. Kondulis shall be awarded $306.95, for 5 hours of work, at a rate of $61.39 per hour.

## II.  CONCLUSION

For the foregoing reasons, plaintiff's counsel, Catherine M. Conrad, Esq., shall, within 30 days of the date of this order, reimburse defendants Chaduhry and Gear $1,237.50, and the Wolvek defendants $306.95, in attorneys' fees.

**SO ORDERED.**
Dated: September 11, 2006
       Brooklyn, New York

                                              /s/
                                      **Kiyo A. Matsumoto**
                                      United States Magistrate Judge